George W. Here, J.
In an action for a permanent injunction, in which plaintiffs seek to restrain and enjoin defendant from *293 erecting and constructing a proposed proprietary nursing home, defendant moves to dismiss the complaint for insufficiency.
Plaintiffs allege that defendant is the owner of two parcels of land acquired by him on January 4,1961. One of the parcels is vacant and the adjoining parcel contains an unoccupied one-family dwelling. On December 1, 1961, defendant filed plans and specifications with the Department of Buildings of the City of New York in order to obtain a permit to erect a structure on the aforesaid parcels to be used as a proprietary nursing home. The aforesaid plans and specifications were approved and, on or about March 18, 1962, a permit was issued to defendant permitting him to erect the aforesaid structure on his premises.
Plaintiffs further allege that the proposed structure and the use thereof violate the Zoning Resolution of the City of New York, as amended June 30, 1960 (hereinafter referred to as the “ Old Zoning Resolution ”), inasmuch as defendant’s parcels are located in a Gr-1 residence district. In addition thereto, plaintiffs allege that the proposed structure also violates the Zoning Resolution of the City of New York effective December 15, 1961 (hereinafter referred to as the “ New Zoning Resolution ”) inasmuch as defendant’s parcels are located in a R-2 residence district.
Some of the plaintiffs are adjoining property owners and all of them reside within the present R-2 residence district, formerly a Gr-1 residence district. They allege that they purchased their homes relying on the provisions of the Zoning Resolutions of the City of New York, and that the aforesaid structure and its use as a proprietary nursing home will cause irreparable loss and damage as well as diminish and impair the value, use and enjoyment of their premises.
It is not clear if defendant has raised the issue of whether or not plaintiffs should have exhausted their administrative remedies prior to commencing this action. The court, however, must determine that issue in any event.
The Department of Buildings has the power to examine and approve or disapprove plans for the construction or alteration of any building or structure. (New York City Charter [1963], ch. 26, § 645, subd. b, par. [1]; derived from 1938 New York City Charter, § 645, as amd. by Local Laws, 1955, No. 112 of City of New York, § 4.) With respect to any decision thereon, an appeal may be taken by any person aggrieved. (New York City Charter [1963], ch. 27, § 668, subd. a; derived from § 668 of 1938 New York City Charter.) However, there appears to be no provision for notice to the plaintiffs prior to any decision upon the proposed plans submitted by defendant, and it is *294 doubtful that plaintiffs herein come within the meaning of the language of any persons aggrieved. In fact a further reading, of said section 668 demonstrates that the person aggrieved refers to one who is a party to the original decision.
Accordingly, the court holds, under the circumstances, that the plaintiffs herein are not precluded from prosecuting this action on the ground that they failed to exhaust their administrative remedies. In fact, assuming that they knew of defendant’s application and intervened in the pending proceeding in an unsuccessful effort to prevent the issuance of the permit, plaintiffs’ failure to exhaust their administrative remedies by appealing to the Board of Standards and Appeals would not preclude this action for injunctive relief. (Lesron Junior v. Feinberg, 13 A D 2d 90.)
Adequate provision is made in the “ New Zoning Resolution ” for the processing of applications filed before and approved after the effective date of the resolution as well as applications filed and approved before and filed and approved after the effective date of the resolution. The instant application falls within the former group. The relevant sections of the “ New Zoning Resolution ’ ’ are as follows:
“11-32
“ Building Permits Issued before Effective Date of Resolution
“ 11-321

11 Right to start or continue construction

11 If, before the effective date of this resolution, a building permit authorizing either a minor development or a major development has been lawfully issued to a person with a possessory interest in a zoning lot, such construction may be started or continued after the effective date. In the event that the construction permitted herein has not been completed, and a certificate of occupancy issued therefor, before December 15,1963, the building permit shall automatically lapse and the right to continue construction shall terminate. An application to renew such building permit may, however, be made to the Board of Standards and Appeals not later than 30 days after the lapse of such permit. * * * “11-31
“ General Provisions
* e *
“ For the purposes of Section 11-32 (Building Permits Issued before Effective Date of Resolution) only, a lawfully issued building permit shall also include a permit which is issued after *295 the effective date of this resolution, which permit is based on an approved application showing complete plans and specifications and authorizes the entire construction and not merely a part thereof, provided that the application has been filed before such effective date.”
Construed together, it is clear that the purpose of these provisions was to group applications (1) filed and approved before the effective date of the “ New Zoning Resolution ” and (2) filed before and approved after the effective date and to distinguish them from applications filed and approved after the effective date of the resolution.
While it appears that permission is presently required prior to the application for a permit to construct a proprietary nursing home (City of New York Zoning Resolution, art. II, § 22-13), no such requirement appears to exist under the “ Old Zoning Resolution ’ ’. In the event, therefore, that no authorization exists under the provisions of the “ Old Zoning Resolution ” for the approval of defendant’s permit, plaintiffs’ complaint would be sufficient, based upon an alleged violation of the “ New Zoning Resolution ”. If, on the other hand, the permit was authorized, plaintiffs’ complaint would be sufficient only if there could be a violation under the provisions of the “ Old Zoning Resolution ”.
Subdivision (e) of section 16-C of article IV of the “ Old Zoning Resolution ” provides: “In a 0-1 district no building shall occupy at the curb level more than 40 per cent of the area of the lot, except that such non-residential buildings as are permitted under subsections (3), (4), (5) and (6) of § 3 and located in any use district may occupy at the curb level not more than 55 per cent of the area of the lot, exclusive in each case of accessory garages.”
Section 3 of article II of the “ Old Zoning Resolution ” reads, in part, as follows:
“ residence districts. In a residence district no building or buildings shall be erected other than a building or buildings arranged, intended or designed exclusively for one or more of the following specified uses:
* * #
“ (6) Hospitals, sanitariums.”
The court notes that while the “ New Zoning Resolution” specifically refers to proprietary nursing homes (not permitted as of right) the “ Old Zoning Resolution ” does not.
For the purposes of this motion, it is unnecessary for the court to determine as a matter of law whether the words ‘ ‘ proprietary nursing home ” come within the meaning of the language *296 of “ hospitals ” or “ sanitariums ” as used in the “ Old Zoning Resolution ”, inasmuch as the court feels that at this time that determination involves mixed questions of law and fact. It may well he, that when the record is more fully developed by way of defenses, affidavits or evidence, including the benefit of trained and competent expert opinion as well as past determinations of the Building Department, the court at that time will determine the meaning of “ proprietary nursing home ” within the framework of the ‘ ‘ Old Zoning Resolution ’ ’.
Accordingly, it is sufficient to state at this time that plaintiffs’ complaint states a cause of action with respect to (1) a violation of either the “ Old Zoning Resolution ” or the “New Zoning Resolution ” and (2) a violation by the proposed structure of the requirements of subsection (e) of section 16-0 of article IV of the “ Old Zoning Resolution ”. (Of. Lesron Junior v. Feinberg, 13 A D 2d 90, supra.) Defendant’s motion is, therefore, denied.